IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC., )
425 Third Street SW, Suite 800 )
Washington, DC 20024, )
)
        Plaintiff, )
) Civil Action No.
v. )
)
NATIONAL ARCHIVES AND )
RECORDS ADMINISTRATION, )
8601 Adelphi Road )
Washington, DC 20740, )
)
        Defendant. )
)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant National Archives and Records Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.   Defendant National Archives and Records Administration is an agency of the United States Government and is headquartered at 8601 Adelphi Road, College Park, MD 20740. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.   On March 9, 2015, Plaintiff served a FOIA request on Defendant seeking access to certain draft indictments of Hillary Rodham Clinton prepared while Mrs. Clinton was First Lady of the United States. Specifically, Plaintiff requested:

> All versions of indictments against Hillary Rodham Clinton, including but not limited to, Versions 1, 2, and 3 in box 2250 of the Hickman Ewing Attorney Files, the "HRC/___ Draft Indictment" in box 2256 of the Hickman Ewing Attorney Files, as well as any and all versions written by Deputy Independent Counsel Hickman Ewing, Jr. prior to September of 1996.

6.   By letter dated March 19, 2015, Defendant admitted receiving Plaintiff's FOIA request on March 17, 2015 and informed Plaintiff that it had assigned the request "FOIA case number 46068." Defendant's letter also admitted locating records responsive to the request. Specifically, Defendant admitted that it found 38 pages of responsive records in a folder entitled "Draft Indictment" in box 2250 and approximately 200 pages of responsive records in a folder entitled "Hillary Rodham Clinton/Webster L. Hubbell Draft Indictment" in box 2256. Defendant denied Plaintiff's request in full, however, invoking FOIA Exemption (b)(7)(C) to withhold all 238 pages of responsive records. No responsive records or portions thereof have ever been produced to Plaintiff.

7. On May 14, 2015, Plaintiff administratively appealed Defendant's denial of the request. On that date, Plaintiff sent a written appeal, via email and certified mail, to the Deputy Archivist of the National Archives and Records Administration at the email address and street address identified in the agency's denial letter. Plaintiff complied with all requirements for properly appealing the denial.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant was required to make a determination on the appeal within twenty working days of receipt and to notify Plaintiff of the right to seek judicial review if the denial was upheld in whole or in part. More than twenty working days have elapsed since Defendant received Plaintiff's May 14, 2015 appeal, but Plaintiff has received no notification of any determination or its right to seek judicial review of any denial. Plaintiff has not received any communication at all from Defendant regarding the appeal.

9. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is violating FOIA by unlawfully withholding records responsive to Plaintiff's request.

12. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 20, 2015

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*