UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:15-cv-1740-RBW |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

# ANSWER

Defendant, the National Archives and Records Administration, by and through its undersigned counsel, respectfully submits the following as its answer to the numbered paragraphs of the complaint, filed on October 20, 2015 (ECF No. 1):

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff seeks records under the Freedom of Information Act, 5 U.S.C. § 552, that are exempt from disclosure under the statue.

## THIRD DEFENSE

Defendant responds to the numbered paragraphs of the complaint as set forth below:

1-2.  These paragraphs consist of legal conclusions, to which no response is required.

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.  The allegation that defendant "is an agency of the United States Government" is a legal conclusion, to which no response is required.  Denies that defendant is "headquartered at 8601 Adelphi Road, College Park, MD 20740" but admits that defendant is headquartered at that location and at 700 Pennsylvania Avenue, N.W., Washington, D.C.  20408.  Sentence 2 consists of legal conclusions, to which no response is required.

5.  This paragraph characterizes a letter dated March 9, 2015, from Kate Bailey to defendant, (Attachment A), to which the Court is respectfully referred for its contents.

6.  Sentences 1-4 of this paragraph characterize a letter dated March 19, 2015, from Martha Wagner Murphy to Ms. Bailey, (Attachment B), to which the Court is respectfully referred for its contents.  Admits Sentence 5.

7.  Sentences 1-2 of this paragraph characterize a letter dated May 14, 2015, from Ms. Bailey to the Deputy Archivist of the United States, (Attachment C), to which the Court is respectfully referred for its contents.  Sentence 3 consists of legal conclusions, to which no response is required.

8.  Sentence 1 of this paragraph consists of legal conclusions, to which no response is required.  Admits that "[m]ore than twenty working days have elapsed since Defendant received Plaintiff's May 14, 2015 appeal" but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Sentence 2 or the allegations contained in Sentence 3.

9.  This paragraph consists of legal conclusions, to which no response is required.

10.  Defendant repeats and re-alleges its responses to Paragraphs 1-9 above.

11-12.  These paragraphs consist of legal conclusions, to which no response is required, but to the extent a response is required, denies.

The remaining paragraph represents plaintiff's prayer for relief to which no answer is required, but to the extent an answer is required, defendant denies that plaintiff is entitled to the requested relief or any other relief whatsoever.

Except to the extent previously admitted or qualified above, defendant denies each and every allegation in the complaint.

WHEREFORE, having fully answered the complaint, defendant asks this Court for a judgment dismissing the complaint with prejudice, and for such further relief as the Court may deem just and proper.

                                               Respectfully submitted,

                                               BENJAMIN C. MIZER
                                               Principal Deputy Assistant Attorney General

                                               CHANNING D. PHILIPS
                                               United States Attorney

                                               ELIZABETH J. SHAPIRO
                                               Deputy Director

                                               s/ *David M. Glass*
                                               DAVID M. GLASS, DC Bar 544549
                                               Senior Trial Counsel
                                               Department of Justice, Civil Division
                                               20 Massachusetts Ave., N.W., Room 7200
                                               Washington, D.C.  20530-0001
                                               Tel: (202) 514-4469/Fax: (202) 616-8470
                                               E-mail: david.glass@usdoj.gov
Dated: November 24, 2015              Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2015, I served the within answer on all counsel of record by filing it with the Court by means of its ECF system.

                                               s/ *David M. Glass*



March 9, 2015

**VIA CERTIFIED MAIL & EMAIL**

National Archives and Records Administration
Special Access and FOIA Staff (NWCTF)
8601 Adelphi Road, Room 6350
College Park, MD 20740

**Re: Freedom of Information Act Request**

Dear Freedom of Information Officer:

    Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the National Archives and Records Administration produce the following within twenty (20) business days:

> **All versions of indictments against Hillary Rodham Clinton, including, but not limited to, Versions 1, 2, and 3 in box 2250 of the Hickman Ewing Attorney Files, the "HRC/___Draft Indictment" in box 2256 of the Hickman Ewing Attorney Files, as well as any and all versions written by Deputy Independent Counsel Hickman Ewing, Jr. prior to September of 1996.**

    The records in question are located in the material submitted to the National Archives and Records Administration by the Office of Independent Counsel In Re: Madison Guaranty Savings & Loan Association, also known as "the records of IC Starr."

    We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA...The presumption of disclosure should be applied to all decisions involving

National Archives and Records Administration
March 9, 2015
Page 2 of 4

FOIA.[1]

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video records, recordings, or representations of any kind; (4) any graphic materials and data compilations from which information can be obtained; and (5) any materials using other means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has also been recognized as a member of the news media in other FOIA litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

> shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester.

5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or kbailey@judicialwatch.org. We look forward to receiving the

National Archives and Records Administration
March 9, 2015
Page 4 of 4

requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

*Kate Bailey*

Kate Bailey
Judicial Watch



NATIONAL ARCHIVES and RECORDS ADMINISTRATION
8601 ADELPHI ROAD   COLLEGE PARK, MD 20740-6001
www.archives.gov

NATIONAL ARCHIVES

March 19, 2015

Kate Bailey
Judicial Watch
425 Third Street, SW, Suite 800
Washington, DC 20024

Dear Ms. Bailey,

This is in response to your Freedom of Information Act request of March 17, 2015 for records in the custody of the National Archives and Records Administration. Your request was received in this office on March 17, 2015 and assigned FOIA case number 46068. You requested Independent Counsel Kenneth Starr records related to several versions of indictments of Hillary Clinton.

We have examined the folders from Hickman Ewing's attorney files that you requested. From box 2250 the folder "Draft Indictment" (38 pages) is denied in full under Exemption (b)(7)(C). From box 2256 the folder "Hillary Rodham Clinton/Webster L. Hubbell Draft Indicment" (approximately 200 pages) is denied in full under Exemption (b)(7)(C).

You requested a waiver for reproduction fees ordinarily charged to researchers, however, records transferred to the custody of the National Archives are exempted from the fee and fee waiver provisions of the Freedom of Information Act because there was a fee schedule in place prior to enactment of the FOIA. The applicable section states that "nothing in this subparagraph shall supersede fees chargeable under a statute specifically providing for setting the level of fees for particular types of records" (5 U.S.C. 552 (a)(4)(A)(vi)). The relevant fee statute authorizes the National Archives "to charge a fee for making or authenticating copies or reproductions of materials transferred to the Archivist's custody." (44 U.S.C. 2116(c)).

The inability to grant the requested fee waiver does not constitute a denial under the terms of the Freedom of Information Act. However, if you consider this response to be a denial of your request, or if you wish to appeal the document denials, you may appeal my decision within 60 calendar days from the date of this letter. Appeals must be submitted in writing and addressed to the Deputy Archivist of the United States, National Archives and Records Administration, 8601 Adelphi Road, Room 4200, College Park, MD 20740. In your letter, please cite your case number and clearly label both the letter and envelope as a FOIA Appeal. As an alternative, you may e-mail your appeal to foia@nara.gov. If you choose this option, please use the words "FOIA appeal" in the subject line and also cite your case number.

Attachment B

This concludes the processing of your request. If you have any question about the way we handled your request, or about our FOIA regulations or procedures, please contact David Paynter at david.paynter@nara.gov or (301) 837-2041.

Sincerely,

*[signature]*

MARTHA WAGNER MURPHY
Chief
Special Access and FOIA Staff

NATIONAL ARCHIVES and
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001
www.archives.gov

Attachment B



NGC Log No: NGC15-074 A
Date Received: 05/14/2015
Date Due: 06/12/2015
Assigned to: JAS

**VIA EMAIL & CERTIFIED US MAIL**

May 14, 2015

Deputy Archivist of the United States
National Archives and Records Administration
8601 Adelphi Road, Room 4200
College Park, MD 20740

**Re: FREEDOM OF INFORMATION ACT APPEAL**

**FOIA Case Number 46086**

Dear Sir/Madam:

      On March 9, 2015, Judicial Watch Inc. (hereafter "Judicial Watch"), filed a Freedom of Information Act (hereafter "FOIA") request with the National Archives and Records Administration requesting the following records:

> **All versions of indictments against Hillary Rodham Clinton, including, but not limited to, Versions 1, 2, and 3 in box 2250 of the Hickman Ewing Attorney Files, the "HRC/___Draft Indictment" in box 2256 of the Hickman Ewing Attorney Files, as well as any and all versions written by Deputy Independent Counsel Hickman Ewing, Jr. prior to September of 1996.**

      In a response letter dated March 19, 2015, Martha Wagner Murphy, Chief of Special Access and FOIA Staff, stated that after examination of the requested records, 38 pages from box 2250 and approximately 200 pages from box 2256 were all "denied in full under Exemption (b)(7)(C)." This letter respectfully appeals these denials.

      Ms. Murphy's response amounts to no more than a barren assertion that the responsive records are being withheld pursuant to FOIA Exemption (b)(7)(C). Yet such a response "cannot suffice to establish the fact." *Founding Church o/Scientology o/Washington, D.C., Inc.* v. *National Security Agency,* 610 F.2d 824,831 (D.C. Cir. 1979). Moreover, it is longstanding precedent that "an agency cannot meet its obligation simply by quoting the statutory language of an exemption." *Army Times Pub. Co. v. Department o/the Air Force,* 998 F.2d 1067, 1070 (D.C.

425 Third St., SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: info@JudicialWatch.org • www.JudicialWatch.org

Attachment C

National Archives and Records Administration
FOIA Appeal
May 14, 2015
Page 2 of 3

Cir. 1993) (remarking that affidavits "[p]arroting the case law" were insufficient); *Voinche* v. *Federal Bureau o/Investigation,* 412 F. Supp. 2d 60,69 (D.D.C. 2006) (agency failed to satisfy its burden where declaration "merely quote [ d] the statutory language" of an exemption).

Because the National Archives and Records Administration has done nothing more than quote the statutory language of the claimed exemptions, it clearly has not met its burden under FOIA. To satisfy its burden, at a minimum, the National Archives and Records Administration must provide sufficient identifying information with respect to each of the records that it withheld to enable Judicial Watch to assess the propriety of the claimed exemption. *Vaughn* v. *Rosen,* 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). Similarly, the National Archives and Record Administration has failed to demonstrate that all non-exempt information has been segregated. *Sussman* v. *Us. Marshals Service,* 494 F.3d 1106, 1116 (D.C. Cir. 2007).

Furthermore, Exemption (b)(7)(C) excuses from the agency's overarching duty to disclose such "records or information" as are "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." For the records responsive to Judicial Watch's request, however, any privacy concerns are overwhelmed by the public interest in such records. Public interest was, in fact, the reason cited by the U.S. Supreme Court as most likely to quash Exemption (b)(7)(C):

> the Supreme Court suggested that the justification most likely to satisfy Exemption 7(C)'s public interest requirement is that the information is necessary to show the investigative agency or other responsible officials acted negligently or otherwise improperly in the performance of their duties

*Citizens for Responsibility & Ethics in Wash.* v. *Us. Dep't of Justice,* 2012 U.S. Dist. LEXIS 27298 (D.D.C. Mar. 2,2012) (citing *Nat'/ Archives & Records Admin.* v. *Favish,* 541 U.S. 157, 172 (2004).

As a former First Lady, former U.S. Senator, former Secretary of State, and current presidential candidate, Hillary Clinton is a highly public figure who has exercised vast political power throughout her career. The public interest in records concerning possible unlawful activity on her part far outweighs the privacy interest of (b)(7)(C).

Judicial Watch respectfully appeals and requests full access to all documents in possession of the National Archives and Records Administration responsive to our FOIA request of March 17, 2015 for all versions of indictments against Hillary Rodham Clinton, including, but not limited to, Versions 1, 2, and 3 in box 2250 of the Hickman Ewing Attorney Files, the "HRC/___Draft Indictment" in box 2256 of the Hickman Ewing Attorney Files, as well as any

National Archives and Records Administration
FOIA Appeal
May 14, 2015
Page 3 of 3

and all versions written by Deputy Independent Counsel Hickman Ewing, Jr. prior to September of 1996.

If there are any questions regarding this appeal, please do not hesitate to contact me at (202) 646-5172 or by email at kbailey@judicialwatch.org. Thank you for your attention to this matter.

Sincerely,

*[signature: Kate Bailey]*

Kate Bailey
FOIA Program Manager

Attachment C